The Honorable Mark W. Taddiken State Senator, 21st District 2614 Hackberry Road Clifton, Kansas 66937
Dear Senator Taddiken:
You request our opinion regarding whether monies raised through bonds issued pursuant to K.S.A. 12-1770 et seq. may be used to pay the costs of demolishing buildings and capping sewer lines as part of a redevelopment project.
The legislatively stated purpose for enactment of the Tax Increment Finance Act (TIF)[1] is to "promote, stimulate and develop the general and economic welfare of the state of Kansas and its communities and to assist in the development and redevelopment of eligible areas within and without a city thereby promoting the general welfare of the citizens of this state. . . ."[2] The redevelopment is pursued by a city through a two-step process, with the first step being establishment of a redevelopment district within an eligible area.[3] In order to determine whether an area constitutes an eligible area, the city's governing body is required to conduct a public hearing.[4] An eligible area may be "a blighted area, conservation area, enterprise zone, historic theater, major tourism area or a major commercial entertainment and tourism area as determined by the secretary [of commerce]."[5] Once the redevelopment district has been established, the city's governing body may adopt an ordinance that sets forth the redevelopment district plan.[6] The "`[r]edevelopment district plan' or `district plan' [is] the preliminary plan that identifies all of the proposed redevelopment project areas and identifies in a general manner all of the buildings, facilities and improvements in each that are proposed to be constructed or improved in each redevelopment project area."[7]
A city is authorized "to issue special obligation bonds in one or more series to finance the undertaking of any redevelopment project. . . ."[8]
The proceeds of the special obligation bonds may be used to pay redevelopment project costs.[9] Redevelopment project costs are "those costs necessary to implement a redevelopment plan, including, but not limited to costs incurred for . . . site preparation including utility relocations . . . [and] all related expenses to redevelop and finance the redevelopment project."[10]
The rules of statutory construction are followed in determining whether demolition of buildings and capping sewer lines constitute site preparation as that term is used in K.S.A. 2003 Supp. 12-1770a, as amended. "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings."[11] The phrase "site preparation" appears in at least eight state statutes and only a few Kansas appellate court opinions, none of which provides a particular definition for it. It is not a technical phrase accorded a special meaning. Therefore, it must be given its ordinary meaning.
"Site" is "[a] plot of ground suitable or set apart for some specific purpose."[12] "Preparation" means "[t]he act or process of preparing. . . . Preliminary measures that serve to make ready for something. . . ."[13] When development or construction projects are considered, site preparation has been commonly understood to include demolition and removal of existing structures, adding fill and grading the area.[14] Because K.S.A. 12-1770 et seq. recognize projects that will involve development or construction, we believe that it is appropriate to apply this understanding when interpreting K.S.A. 2003 Supp. 12-1770a, as amended. Site preparation may include demolition of buildings when the demolition is necessary to prepare the site for buildings and facilities proposed to be constructed in a redevelopment district.
Subsection (q) of K.S.A. 2003 Supp. 72-1770a, as amended, expressly includes utility relocation as being a part of site preparation. Sewers and sewer systems are commonly included in the types of utilities that may be provided by a municipality.[15] Therefore, relocation of sewer lines, including capping existing lines, is authorized as a site preparation under K.S.A. 2003 Supp. 72-1770a(q), as amended.
In review, demolition of buildings and the capping of sewer lines can constitute site preparations under K.S.A. 2003 Supp. 12-1770a, as amended. As such, monies raised through bonds issued pursuant to K.S.A.12-1770, et seq. may be used to pay the costs of these activities.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
PK:JLM:RDS:jm
[1] K.S.A. 12-1770 et seq.
[2] K.S.A. 12-1770.
[3] K.S.A. 12-1771.
[4] See K.S.A. 12-1771.
[5] K.S.A. 2003 Supp. 12-1770a(g), as amended by L. 2004, Ch. 154, § 3.
[6] K.S.A. 12-1771(b); 12-1772.
[7] K.S.A. 2003 Supp. 12-1770a(s), as amended. See also K.S.A.12-1771(b).
[8] K.S.A. 2003 Supp. 12-1774(a)(1), as amended by L. 2004, Ch. 154, § 6. See also K.S.A. 12-1770; K.S.A. 2003 Supp. 12-1774(a)(3), as amended.
[9] K.S.A. 12-1773(b).
[10] K.S.A. 2003 Supp. 12-1770a(q), as amended.
[11] K.S.A. 2003 Supp. 77-201 Second. See also Neal v. Hy-Vee, Inc.,81 P.3d 425, 436 (Kan. 2003).
[12] Black's Law Dictionary 1243 (1979).
[13] Webster's II New Riverside University Dictionary 929 (1988).
[14] See, i.e., Portland Utilities Const. Co., LLC v. Chase, 2004 WL 746602 (Tenn.Ct.App., Apr 07, 2004) (remove two barns; fill in pond);Garrett v. Valley Sand and Gravel, Inc., 800 So.2d 600 (Ala.Civ.App. 2000) (demolition of building, grading and debris removal); Harris v.Cincinnati, 607 N.E.2d 15 (Ohio App. 1 Dist. 1997) (demolition of buildings and structures; removal of debris); State ex rel. MissouriHighway and Transp. Com'n v. Our Savior Lutheran Church, 922 S.W.2d 816
(Mo.App.E.D. 1996) (clearing and demolition); Brewster v. SalvesonConst., Inc., 765 P.2d 1350 (Wyo. 1988) (fill and grading); Tober's Inc.v. Portsmouth Housing Authority, 367 A.2d 603 (NH 1976) (demolition of structures, including a building).
[15] See K.S.A. 10-1201 et seq.; 12-6a01 et seq.